UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------
DARRELL JOE,

                                    :
                                    :  10 Civ. 4737 (JSR)(THK)
                        Plaintiff,  :
                                    :
        -against-                   :  **REPORT AND**
                                    :  **RECOMMENDATION**
                                    :
MICHAEL HARGROVE, et al.,           :     (PRO SE)
                                    :
                        Defendants. :
                                    :
------------------------------------------X

**TO: HON. JED S. RAKOFF, UNITED STATES DISTRICT JUDGE.**
**FROM: THEODORE H. KATZ, UNITED STATES MAGISTRATE JUDGE.**

In this action, brought pursuant to 42 U.S.C. § 1983,
Plaintiff Darrell Joe contends that he was falsely arrested, on
July 14, 2007, and maliciously prosecuted.  He names both federal
and New York City law enforcement officials as Defendants.  A
motion to dismiss filed by the federal Defendants, which is
unopposed, is pending.  The City Defendants, however, requested and
were granted an extension of time to respond to the Amended
Complaint so that they could first secure sealed police department
and criminal prosecution records relating to Plaintiff's claims.

On February 1, 2011, counsel for the City Defendants sent
release forms to Plaintiff authorizing the release of the arrest
and prosecution documents.  That letter was returned because
Plaintiff was no longer at the address he had provided to the Court
and Defendants.  The Court subsequently issued an Order requiring

COPIES MAILED
TO COUNSEL OF RECORD ON   7/8/11

Plaintiff to update his mailing address, which he did in March 2011.  The City Defendants then sent Plaintiff a second set of authorizations for the release of sealed records.  No response was received, and yet another set of authorizations was sent to Plaintiff.  (See Letter from Assistant Corporation Counsel Susan Publicker, dated June 17, 2011 ("June 17 Ltr.").)  Plaintiff again failed to respond.

Defendants then requested an order compelling Plaintiff to provide releases so that the sealed records pertaining to Plaintiff's arrest and prosecution could be secured.  An Order was issued on May 26, 2011, requiring Plaintiff to execute and return the release to Defendants' counsel by no later than June 10, 2011. The Order explicitly stated that failure to comply would result in the imposition of sanctions, including the possibility of the dismissal of the action. (See Memorandum Endorsed Order, dated May 26, 2011.)  Plaintiff failed to comply with the Order and the City Defendants have requested that the action be dismissed for failure to prosecute. (See June 17 Ltr.)  Plaintiff has failed to respond to Defendants' letter-application and has still not provided release to Defendants.

Under Federal Rules of Civil Procedure 37(b)(2)(A) and 41(b), the Court has the power to dismiss an action for failure to prosecute or failure to comply with court orders. See also Link v.

Wabash R.R. Co., 370 U.S. 626, 633, 82 S. Ct. 1386, 1390 (1962); Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir. 1995); Jackson v. City of New York, 22 F.3d 71, 74-76 (2d Cir. 1994). All litigants, including pro se litigants, are required to comply with court orders, and dismissal of a pro se complaint is justified where the plaintiff willfully fails to obey a direct court order after being warned that sanctions, including dismissal, could be imposed for non-compliance. See, e.g., Valentine v. Museum of Modern Art, 29 F.3d 47, 49-50 (2d Cir. 1994) (per curiam); Minotti v. Lensink, 895 F.2d 100, 103 (2d Cir. 1990); Civil v. New York City Dep't of Corr., No. 91 Civ. 2946 (SS), 1993 WL 51156, at *2 (S.D.N.Y. Feb. 23, 1993). "A party who seeks to vindicate his rights through the judicial system must at least attempt to play by the rules of that system. At a minimum, this means communicating with adversaries and with the court in a timely and meaningful manner, and obeying the orders of the Court." Civil, 1993 WL 51156, at *2. Although caution is warranted in imposing the severe sanction of dismissal, dismissal is appropriate when a party willfully disobeys court orders and fails to participate in discovery. See, e.g., Bobal v. Rensselaer Polytechnic Institute, 916 F.2d 759, 764 (2d Cir. 1990), cert. denied, 499 U.S. 943, 111 S. Ct. 1404 (1991).

Plaintiff has willfully disobeyed the Court's Order to execute and produce authorizations for the release of records relating to

his arrest and prosecution.  He has also disregarded no fewer than three requests from Defendants' counsel for these authorizations. The records being sought are clearly relevant; indeed, they are critical to addressing the claims in this action.  Accordingly, this Court recommends that this action be dismissed with prejudice pursuant to Rules 37(b)(2)(A) and 41(b).

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6(a) and (d).  Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Jed S. Rakoff, United States District Judge, and to the chambers of the undersigned, Room 1660.  Any requests for an extension of time for filing objections must be directed to Judge Rakoff.  Failure to file objections will result in a waiver of those objections for purposes of appeal. See Thomas v. Arn, 474 U.S. 140, 155, 106 S. Ct. 466, 475 (1985); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

Respectfully Submitted,

THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE

Dated: July 8, 2011
       New York, New York

5